the allegation of the fact of acceptance. ' Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, February 15th, 1883. *A. B. Sawyer*, for appellant.   *J. M. McMaster*, contra.

No. 1339.  **State** *v.* **Williams.**  November Term, 1883. A failure to charge propositions of law which were not requested cannot be assigned as error on the part of the Circuit judge. Moreover, the judge's charge here was in accordance with the law as claimed by appellant in his exceptions.  Judgment of the Circuit Court (Kershaw, J.,) affirmed.  OPINION by MR. CHIEF JUSTICE SIMPSON, February 15th, 1883.   *G. T. Graham, Meetze & Muller*, for appellant.  *Bonham*, solicitor, contra.

No. 1340.  **Ross** *v.* **Linder.**  November Term, 1882.  This was an action on a contract for the payment of board.  By consent, the case was referred to a referee to hear and determine all the issues, and report the same to the court with his recommendations.   He reported in favor of plaintiff.   On defendant's exceptions, the Circuit judge (Fraser) dismissed the complaint, upon the ground that the evidence did not support any contract, or, if any, that it was a joint contract made by defendant and the wife of the plaintiff, and that the action must be brought jointly against those two.  On appeal.  *Held*—'

1. That the case being strictly a law case tried by the court, findings of fact by the Circuit judge cannot be disturbed by this court.  In this connection the court say : "A question might arise in such case whether a Circuit judge could do more than apply the law to the facts as found by the referee—whether the referee has not been substituted for the jury, his finding being in the nature of a special verdict, with the power on the part of the Circuit judge to hear a motion for a new trial as in ordinary cases of jury trial, or to pronounce judgment as the law might demand.  But these questions are not raised.  In fact, the consent to the reference may in this case preclude them, as that consent embraced the condition that the referee should report his findings, with his recommendations, to the court, thereby, impliedly at least, agreeing that the court should be the final arbiter below."

2. The contract being joint, the dismissal of the complaint followed as a necessary consequence. The objection of a want of parties could not be taken by demurrer, for the defect of parties did not appear on the face of the complaint, nor was it necessary by answer to do more than meet the case stated in the complaint. Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, February 15th, 1883. *Bobo & Carlisle*, for appellant. *J. S. R. Thomson*, contra.

No. 1350. **Kibler** *v.* **Luther.** November Term, 1882. Plaintiff conveyed a strip of land for valuable consideration to a municipal corporation, with a warranty in words following, to wit: "and I hereby bind myself, &c., to warrant and forever defend all and singular the said premises unto the said intendant and wardens, and their successors in office, as public lands, not to be occupied by any building or obstruction of any kind, but to be kept open at all times for the use of the public," &c. Plaintiff brought this action alleging that defendant had built upon and now occupied a portion of said land, and demanded its possession and damages. A demurrer that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties defendant, the town council of the corporation, was sustained by the Circuit Court (Pressley, J.) Plaintiff appealed. *Held*—

1. That the concluding words of the warranty imposed a duty upon the town, but it was doubtful whether they created a condition, but, if a condition, the grantor could not maintain an action for the land until he had made entry upon it after condition broken, or made claim, if entry was impossible. *Hammond* v. *Railroad Company*, 15 S. C. 34.

2. The town council was a necessary party. Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, March 6th, 1883. *Moorman & Simkins*, for appellant. *Geo. Johnstone*, contra.

No. 1351. **McGrath & Byrum** *v.* **Barnes.** November Term, 1882. Action on note stated in the complaint and admitted in the answer. The defense was, that the note was a mere memorandum given under a certain agreement, and testi-